# United States District Court
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **ORDER SETTING CONDITIONS** |
| v. | ) | **OF RELEASE** |
| | ) | |
| BENJAMIN HASKELL, | ) | |
| Defendant | ) | Criminal Action No. 09-603-KPN |

IT IS ORDERED that the release of the Defendant is subject to the following conditions:

(1)   The Defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)   The Defendant shall immediately advise the court, Pretrial Services, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3)   The Defendant shall report as soon as possible, but no later than twenty-four hours after, to the Pretrial Services office any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

(4)   The Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The Defendant shall next appear at (if blank, to be notified) _____ _____.

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the Defendant be released provided that:

(X)   (5) The Defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(X)   (6) The Defendant shall execute an unsecured bond binding the Defendant to pay the United States the sum of _seventy-five thousand_ dollars ($75,000) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed, or for any violation of any condition(s) of release.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of Defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of Defendant is subject to the conditions marked below:

(X)   (7) The Defendant is placed in the custody of:
      (Name of Person/organization) __Michael and Cynthia Haskell__
      (Address) __34 Brookside Circle, Springfield__

who agrees (a) to supervise the Defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the Defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the Defendant violates any conditions of release or disappears.

Signed: _Michael W. Haskell_

Custodian/Proxy

(X)     (8)    The Defendant shall:

- (X) (a) report to <u>Pretrial Services</u> at <u>(413) 785-6935</u>, as directed. If Defendant is required to report by telephone, Defendant shall call from a land line telephone.
- (X) (b) execute a bond or an agreement to forfeit upon failing to appear as required, or for any violation of any condition(s) of release, the following sum of money or designated property: $ <u>Seventy-five thousand dollars, executed by parents, Michael and Cynthia McDonald, and secured by the equity in their property located at 34 Brookside Circle, Springfield, MA</u>
- (X) (c) post with the court the following indicia of ownership of the above-described property: <u>documentation as set forth in "Recommended Procedure for the Posting of Real Property as Security for Defendant's Appearance Bond in Criminal Cases"</u>
- ( ) (d) execute a bail bond with solvent sureties in the amount of $_____
- ( ) (e) actively seek employment and submit to Pretrial Services all attempts to secure employment as directed; or, maintain employment and submit ongoing verification to Pretrial Services as directed.
- ( ) (f) maintain or commence an education program.
- ( ) (g) surrender passport to Pretrial Services.
- (X) (h) obtain no passport.
- (X) (i) abide by the following restrictions on personal association or travel: <u>no travel near the Macedonia Church of God in Christ, Springfield, MA</u>
- ( ) (j) maintain residence at_____
- (X) (k) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: <u>no contact of any kind (in person or via any other means) with any codefendants; no contact with anyone (in person or via any other means) without prior approval of the individual by Pretrial Services and with prior notification to the U.S. Attorney's Office.</u>
- ( ) (l) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
- ( ) (m) return to custody each (week)day as of ___ o'clock after being released each (week)day as of ___
- ( ) (n) maintain residence at a halfway house or community corrections center, as deemed necessary by the Pretrial Services Officer.
- ( ) (o) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( ) (p) refrain from ( ) any ( ) excessive use of alcohol.
- (X) (q) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (X) (r) submit to any method of testing required by the Pretrial Services Officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any testing which is required as a condition of release.
- ( ) (s) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the Pretrial Services Officer.
- (X) (t) participate in one of the following home confinement program components. Defendant shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any electronic monitoring equipment which is required as a condition of release and shall abide by all the requirements of the home confinement program which (X) will or ( ) will not include the following location verification system: (X) electronic monitoring bracelet OR ( ) Voice Identification system:
    - ( i) **Curfew.** You are restricted to your residence every day ( ) from____ to____, or ( ) as directed by the Pretrial Services Officer; or,
    - (X) (ii) **Home Detention.** You are restricted to your residence at all time except as pre-approved by Pretrial Services (for appointments with counsel, appearances in court, and for medical reasons); or,
    - ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except as pre-approved by the court.
- ( ) (u) make payments toward a fund which can ultimately be used to compensate appointed counsel, as required in the companion order issued in this matter pursuant to 18 U.S.C. § 3006A.

## Advise of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of any crime while on pre-trial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate of attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service and additional punishment may be imposed. If you are convicted of:

    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both;

    A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

    I acknowledge that I am the Defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set for above.

Signature of Defendant _[signature]_

Address(including city/state) _34 Bookside Circle Springfield Mass._

Telephone Number ___

## Directions to United States Marshal

( )  The Defendant is ORDERED released after processing.
(✓)  The United States marshal is ORDERED to keep the Defendant in custody until notified by the clerk or judicial officer that the Defendant has posted bond and/or complied with all other conditions for release. The Defendant shall be produced before the appropriate judicial at the time and place specified, if still in custody.

Date: January 21, 2009

_[signature]_
KENNETH P. NEIMAN
United States Magistrate Judge