

U.S. Department of Justice

*Carmen M. Ortiz*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 15, 2010

Attorney Charles P. McGinty
Federal Public Defender Office
51 Sleeper Street
Boston, MA 02210

    Re:    United States v. Benjamin Haskell
            Criminal No. 09-cr-30001-MAP

Dear Attorney McGinty:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant ("Defendant"), in the above-referenced case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to the above referenced Superseding Information charging him with conspiring with others to deny the members, parishioners and Bishop of the Macedonia Church of God in Christ of their civil rights in violation of 18 U.S.C. § 241, and causing damage to religious property through the use of fire in violation of 18 U.S.C. §§ 247(c) and 2. Defendant expressly and unequivocally admits that he committed the crimes charged in the Superseding Information, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses. Defendant also agrees to the accuracy of the attached statement of facts.

    Through this agreement, the Defendant acknowledges that on January 14, 15, and 16 of 2009, he knowingly and voluntarily waived the rights afforded to him by the 5th and 6th Amendment to the United States Constitution - specifically the right to remain silent, and to be represented by counsel - and that he made admissions to law enforcement concerning his role, as well as the respective roles of others, in committing the above charged offenses. Defendant

Letter to Attorney Charles P. McGinty
June 15, 2010
Page 2

explicitly acknowledges he made these admissions to law enforcement in the absence of threats and any other form of physical and mental duress. Defendant further acknowledges that on January 15, 2009, he waived his right to a prompt presentment for the underlying charged criminal conduct.

As part of this negotiated agreement, the U.S. Attorney agrees not to charge Defendant with using fire to commit a federal felony in violation of 18 U.S.C. § 844(h)(1) or any other federal criminal crimes arising out of the acts or agreements underlying the crimes charged in the Superseding Information.

2.  Penalties

Defendant faces the following maximum penalties:

(a)  Count One - Conspiracy Against Civil Rights (18 U.S.C. § 241)

- Incarceration for a period of ten years
- Supervised release for a period of three years
- Fine of $250,000.00
- Special Assessment of $100.00
- Full Restitution

(b)  Count Two - Damage to Religious Property (18 U.S.C. § 247(c))

- Incarceration for a period of forty years
- Supervised release for a period of five years
- Fine of $250,000.00
- Special Assessment of $100.00
- Full Restitution

3.  Fed. R. Crim. P. 11(c)(1)(C) Plea

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's plea will be tendered pursuant to that provision. In accordance with Fed. R. Crim. P. 11(c)(1)(C), if the District Court ("Court") accepts this plea agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this plea agreement, the U.S. Attorney may deem the Agreement null and void. Defendant expressly understands that he may not withdraw his plea of guilty unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

Letter to Attorney Charles P. McGinty
June 15, 2010
Page 3

    4.    <u>Sentencing Guidelines</u>

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines:

The parties agree with respect to the application of the United States Sentencing Guidelines that:

    (a)    In accordance with USSG § 2H1.1 through reference to USSG § 2K1.4(a)(2), Defendant's base offense level is 20.

    (b)    In accordance with USSG §3A1.1, Defendant's offense level is increased by three levels, because Defendant intentionally selected the Macedonia Church of God in Christ as the object of the offense because of the race of the Church's members.

    (c)    In accordance with USSG §3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, the adjusted offense level is reduced by three levels.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case.

The U.S. Attorney may, at her sole option, be released from her commitments under this Agreement, including, but not limited to, her agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Agreement and sentencing, Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

Letter to Attorney Charles P. McGinty
June 15, 2010
Page 4

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; or

    (j)    Attempts to withdraw his guilty plea.

5. <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

    (a)    incarceration for a period of 108 months;

    (b)    a fine of $7,500.00, unless Defendant is found to be indigent by the Court;

    (c)    36 months of supervised release with the special condition that Defendant participate in racial sensitivity training;

    (d)    a mandatory special assessment in the amount of $200.00; and

    (e)    restitution in the full amount of the loss caused by Defendant's crimes, which will be determined by the Court at the time of sentencing.

6. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7. <u>Waiver of Right to Appeal and to Bring Other Challenge</u>

    (a)    Defendant has conferred with his attorney and understands that he has the right to challenge his convictions in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that he may, in some circumstances, be able to challenge his convictions in a future proceeding (such as, for example, in a collateral challenge pursuant

Letter to Attorney Charles P. McGinty
June 15, 2010
Page 5

        to 28 U.S.C. § 2255 or 28 U.S.C. § 2241). Defendant waives any right he has to challenge his convictions on direct appeal or in any future proceeding.

   (b)  Defendant has conferred with his attorney and understands that defendants ordinarily have a right to appeal their sentences and may sometimes challenge their sentences in future proceedings. Defendant understands, however, that once the Court accepts this Rule 11(c)(1)(C) plea agreement, the Court is bound by the parties' agreed-upon sentence. Defendant may not contest the agreed-upon sentence in an appeal or challenge the sentence in a future proceeding in federal court. Similarly, the Court has no authority to modify an agreed-upon sentence under 18 U.S.C. §3582(c), even if the Sentencing Guidelines are later modified in a way that appears favorable to Defendant. Likewise, Defendant agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that existed at the time of Defendant's original sentencing. Given that a defendant who agrees to a specific sentence cannot later challenge it, and also because Defendant desires to obtain the benefits of this Agreement, Defendant agrees that he will not challenge the sentence imposed in an appeal or other future proceeding. Defendant also agrees that he will not seek to challenge the sentence in an appeal or future proceeding even if the Court rejects one or more positions advocated by any party at sentencing.

   (c)  The U.S. Attorney agrees that she will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by a party at sentencing.

8.  <u>Probation Department Not Bound By Agreement</u>

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office.

9.  <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

Letter to Attorney Charles P. McGinty
June 15, 2010
Page 6

10.  <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of Defendant's conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

11.  <u>Withdrawal of Plea By Defendant or Rejection of Plea by Court</u>

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Agreement, this Agreement shall be null and void at the option of the U.S. Attorney. In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

12.  <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of his pretrial release, or has committed any crime following Defendant's execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against the Defendant and/or have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

13.  <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

Letter to Attorney Charles P. McGinty
June 15, 2010
Page 7

    14.    <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul H. Smyth

    Very truly yours,

    CARMEN M. ORTIZ
    United States Attorney

By: *[signature]*

    JAMES F. LANG
    Chief, Criminal Division

    JOHN T. McNEIL
    Deputy Chief, Criminal Division

    PAUL HART SMYTH
    Chief, Springfield Office

Letter to Attorney Charles P. McGinty
June 15, 2010
Page 8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

      I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*/s/ Benjamin Haskell*
Benjamin Haskell
Defendant

Date: June 16, 2010

      I certify that Benjamin Haskell has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*/s/ Charles P. McGinty*
Charles McGinty
Attorney for Defendant

Date: June 16, 2010